**Opinion issued January 9, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00784-CR

_____

**THOMAS WAYNE VAN SCYOC, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 277th District Court**
**Williamson County, Texas**
**Trial Court Case No. 21-0811-K277**

## MEMORANDUM OPINION ON REHEARING

The State has filed a motion for rehearing, complaining about a factual statement in the opinion. We requested a response to the State's motion, but none was filed. We grant the motion, withdraw our opinion and judgment of August 22, 2023 and issue this opinion and judgment in its place.

Appellant, Thomas Wayne Van Scyoc, pleaded guilty to the offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE § 22.021(b). After a pre-sentence investigation hearing, the trial court signed a judgment of conviction for aggravated sexual assault of a child and sentenced appellant to 40 years in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, appellant's appointed counsel filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The State waived the filing of a brief.

Counsel advised appellant of his right to access the record and provided him with a form motion for access to the record. Counsel further advised appellant of his right to file a pro se response to the *Anders* brief. Appellant did not request access to the record. Appellant filed a letter which we construe to be his pro se response to counsel's brief.

2

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Dal Ruggles must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).